UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHARLES W. BURTON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:97-CR-154-RLJ-CCS-1 |
| | ) | 3:17-CV-25-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 252]. Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on March 1, 2017 [Doc. 254]; Petitioner replied in turn on March 28, 2017 [Doc. 255]. Pursuant to Local Rule 7.1(d), Petitioner filed two supplemental briefs, one on March 30, 2017 [Doc. 256], and another on April 4, 2017 [Doc. 257]. For the reasons stated below, Petitioner's successive § 2255 petition will be **GRANTED**.

### I. BACKGROUND

Petitioner robbed a pharmacy at gunpoint and then sold the various stolen drugs. *United States v. Crozier*, 259 F.3d 503, 507–09 (6th Cir. 2001). He was subsequently convicted of conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C); robbing a pharmacy, in violation of 18 U.S.C. § 2118(a); using a firearm during the commission of both the drug conspiracy and the robbery, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). *Id.* at 507.

Petitioner had several prior Kentucky convictions at the time of his conviction for the instant offense, including: an October 31, 1975 kidnapping [Doc. 254-1]; an October 31, 1975 first-degree burglary [Doc. 254-2]; an October 31, 1975 first-degree robbery [Doc. 254-3]; a 1976 escape; and a 1983 first-degree robbery [Doc. 254-4].[1] Based on three of those offenses—Judge Jarvis, the presiding district judge at the time, determined that all three 1975 offenses arouse "out of one occasion" and thus that only one of those convictions could serve as a predicate violent felony [Doc. 257-2 p. 3 (sentencing transcript)], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year statutory minimum [Presentencing Investigation Report (PSR) ¶¶ 57, 58, 61]. In accordance with that designation and in light of Petitioner's contemporaneous convictions for the drug, pharmacy robbery, and § 924(c) offenses, this Court imposed an aggregate sentence of 562 months' imprisonment with an award of 650 days' credit for time served [Doc. 201]. Of that sentence, 256 months were attributable to Petitioner's ACCA-enhanced § 922(g)(1) offense [Doc. 252 p. 13].

Petitioner appealed and, while the Sixth Circuit affirmed his convictions, it remanded the case for resentencing after concluding that Judge Jarvis improperly awarded Petitioner credit for time served. *Crozier*, 259 F.3d at 520. The Supreme Court denied Petitioner's request for a writ of certiorari on February 25, 2002. *Burton v. United States*, 122 S. Ct. 1994 (2002).

On February 20, 2003, Petitioner filed a § 2255 motion seeking to vacate, set aside, or correct his sentence [Docs. 236]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered May 23, 2007 [Docs. 242, 243]. The Supreme Court issued

---

[1] According to Petitioner's Presentence Investigation Report (PSR), all three of the October 31, 1975 offenses occurred during the course of a scheme to rob Kentucky State Hospital in Danville, Kentucky [PSR ¶ 57].

the *Johnson* decision on June 26, 2015. The Sixth Circuit authorized this Court to consider the instant *Johnson*-based successive petition on January 25, 2017 [Doc. 251].

## II.      PETITION FOR COLLATERAL RELIEF

### A.      Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B.      Analysis

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). If the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3)

3

"otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In the *Johnson* decision, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Supreme Court did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under the *Johnson* decision, an ACCA sentence only raises due process concerns—and is invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *overturned on other grounds by Mathis v. United States*, 136 S. Ct. 2246, 2251 n.1 (2016), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding that the *Johnson* decision precluded armed career criminal designation where one of three predicate offenses, aggravated assault, failed to qualify under either the enumerated-offense or use-of-physical force clauses).

For purposes of the instant case, Petitioner makes two interrelated arguments in favor of collateral relief. First, he argues that the law of the case doctrine binds this Court to Judge Jarvis's earlier determination that Petitioner's October 31, 1975 kidnapping, burglary, and robbery offenses arose "out of one occasion" and thus collectively count as a single predicate for purposes of ACCA enhancement [Docs. 252, 255, 257]. Second, he argues that the *Johnson* decision

4

removed Kentucky escape from § 924(e)'s definition of "violent felony" and that, without that conviction, he lacks sufficient predicates for application of the ACCA's fifteen-year mandatory minimum sentence [*Id.*]. In response, the United States argues that this Court is not bound by Judge Jarvis' earlier determination, that Petitioner's 1975 offenses occurred on "occasions different from one another" and thus can be treated as three separate predicate offenses, and that, as a result the foregoing, Petitioner remains properly classified as an armed career criminal regardless of the post-*Johnson* status of his 1976 Kentucky conviction for escape [Doc. 254].

### 1. "Occasions Different From One Another"

With regard to the first point of dispute—whether or not Petitioner's 1975 offenses should be treated as three separate predicates, this Court agrees that it remains bound by Judge Jarvis's determination at the sentencing hearing that those offenses were part of a single criminal episode, i.e., occurred on the same occasion. In the alternative, the Court finds that insufficient *Shepard* evidence exists to determine whether the offenses occurred on a single or separate occasions and, in the absence of such evidence, *United States v. King*, No. 15-4192, 2017 WL 1173693 (6th Cir. March 30, 2017), forbids it from treating those same offenses as separate ACCA predicates.

Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. at 618 (citing *Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922)). "While the 'law of the case' doctrine is not an inexorable command,

5

a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trail was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967). The doctrine applies equally to the decisions of coordinate courts in the same case and to a court's own decisions. *Christianson v. Colt Indus.*, 486 U.S. 800, 816 (1988).

Relevant to the instant case, Petitioner raised a timely challenge to his categorization as an armed career criminal at the original sentencing hearing [Doc. 257-2 pp. 4–8]. In that challenge, he argued that he lacked sufficient predicates for ACCA enhancement based in part upon the fact that his October 31, 1975 kidnapping, burglary, and robbery offenses "were committed on the same occasion or as part of the same event" and, thus, could not "be used separately to determine armed career criminal status but rather constitute[d] only one [predicate] conviction" [*Id.* at 6]. Faced with the above objection, Judge Jarvis held the following:

> You object to you classification as an armed career criminal. You say you don't have three convictions for crimes of violence or controlled substance offenses which meet the requirements of 18 [U.S.C. §] 924(e)(1). You do have convictions of kidnapping, first-degree robbery[,] and first-degree burglary that arise out of one occasion. Any one of those, however, may be counted as a violent felony as defined in 18 [U.S.C. §] 924(e)(2).

[*Id.* at 3 (quoting from sentencing transcript)]. Judge Jarvis went on to conclude that, because Petitioner's Kentucky conviction for escape and 1983 conviction for first-degree robbery qualified as violent felonies, the PSR properly categorized Petitioner as an armed career criminal [*Id.*].

The instant case is not one in which "substantially different" evidence has been presented, nor is it one in which the prior decision was "clearly erroneous." Further, the United States has

not identified and this Court is unaware of any "contrary decision of the law" by a controlling court. As such, this Court finds that it remains bound by Judge Jarvis's determination that the October 31, 1975 kidnapping, burglary, and robbery offenses occurred on a single occasion for purposes of the ACCA. *See, e.g.*, *United States v. Smith*, 559 F. App'x 884, 888 (11th Cir. 2014) (finding that the law of the case doctrine bound court to earlier determination that the appellant's prior convictions occurred on "occasions different from one another" for purposes of ACCA enhancement); *Wiggan v. United States*, No. 3:15-cv-447, 2016 WL 4179838, at *9 (D. Conn. Aug. 5, 2016) (applying law of the case doctrine in the context of § 2255 proceeding); *Hall v. United States*, No. 3:13-cv-592, 2015 WL 5098364, at *5–7 (W.D.N.C. Aug. 31, 2015) (same).

To the extent that the government points to *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), as an intervening change in controlling authority that might serve as a basis for abandoning Judge Jarvis's holding, this Court disagrees. As an initial matter, the Court notes that the Sixth Circuit panel responsible for issuing the *Jones* decision derived its test for determining whether prior convictions "occurred on occasions different from one another" from an earlier Sixth Circuit decision, *United States v. Hill*, 440 F.3d 292 (6th Cir. 2006). *Jones*, 673 F.3d at 503 (quoting *United States v. Paige*, 643 F.3d 871, 873 (6th Cir. 2011), which quoted *Hill*, 440 F.3d at 296–98). The panel responsible for issuing the *Hill* decision based that same test—the "*Hill* test"—on several Sixth Circuit cases that predated Judge Jarvis's legal determination. *See Hill*, 440 F.3d at 296–98 (citing *United States v. Brady*, 988 F.2d 664 (6th Cir. 1993), and *United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997)). As such, the *Hill* test cannot be characterized as an intervening change in authority or a contrary decision of law capable of obviating the law of Petitioner's case.

Even if not bound under the law of the case doctrine, this Court agrees with the propriety of Judge Jarvis's conclusion. The *Hill* test identifies three factors that a district court should

7

consider to determine whether prior convictions were committed on different occasions or constitute a single criminal episode: (1) whether it is possible to discern the point at which the first offense in completed, and the subsequent point at which the second offense begins; (2) whether it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense, or (3) whether the offenses are committed in different residences or businesses locations. *Jones*, 673 F.3d at 503 (quoting *Page*, 643 F.3d at 873). Recently, the Supreme Court held that the same "limitations on the evidentiary sources and information that a federal district court may consider in determining whether a prior conviction is a predicate under the ACCA also apply when the court determines whether prior offenses were 'committed on occasions different from one another.'" *King*, 2017 WL 1173693, at *5.

Here, the United States attached copies of Petitioner's indictments for the three 1975 offenses to its response in opposition [Docs. 254-1, 254-2, 254-3]. However, the information contained in those indictments does not include sufficient detail for this Court to determine whether the October 31, 1975 kidnapping, burglary, and robbery offenses satisfy any of the factors in the *Hill* test. In the absence of such information, this Court lacks a viable legal basis for deviating from Judge Jarvis's prior determination that all three offenses arose from one occasion.[2] As such, only one of Petitioner's three 1975 convictions can be treated as a predicate offense.

### 2. Propriety of ACCA Designation After the *Johnson* Decision

One of the three convictions used to designate Petitioner an armed career criminal—the Kentucky conviction for escape, no longer qualifies as a violent felony after the *Johnson* decision

---

[2] While the Court recognizes that the petitioner generally bears the burden on collateral review, the instant case is unique because it is the United States, not the petitioner, which requests the alteration of a prior legal determination.

because the offense neither has as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), nor falls within one of the enumerated categories of violent felony listed in § 924(e)(2)(B)(ii). Because Kentucky escape only qualified as a violent felony by way of the now-defunct residual clause, the *Johnson* decision forbids the continued use of that conviction for purposes of ACCA designation. As a result, Petitioner's 256-month term of imprisonment for the § 922(g)(1) offense exceeds his maximum authorized sentence as a non-ACCA offender by 136 months' incarceration. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years.").

### 3. Appropriate Form of Collateral Relief

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Here, the Court finds that correction of sentence, not a full resentencing hearing, is the appropriate form of relief. *See United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence."). Because the Court desires additional information to aid in its determination of the appropriate corrected sentence, additional briefing is necessary.[3]

---

[3] It is well established that courts have "jurisdiction and authority to reevaluate the entire[ty] [of a petitioner's] aggregate sentence" when he or she was convicted of multiple counts, has one

The briefing schedule is as follows: appointed counsel is **DIRECTED** to submit a brief communicating to the Court what Petitioner believes to be the appropriate corrected sentence in his case on or before May 1, 2017; should it want to respond, the United States is **DIRECTED** to file that response on or before May 31, 2017.  To the extent that the parties are able to agree on a corrected term of incarceration, they are **DIRECTED** to file a joint stipulation to that effect.

**I.      CONCLUSION**

For the reasons discussed, Petitioner's successive § 2255 motion [Doc. 252] will be **GRANTED**.  Because the Court currently lacks sufficient information to determine what the appropriate corrected sentence would be, it will wait to enter the Judgement Order granting the 2255 petition, correcting the sentence, and closing the associated civil case until the parties have complied with the briefing schedule set forth in this Memorandum Opinion.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

of those counts modified on collateral review, and his or her original sentence consisted of a unified "package" or interdependent "components of a single comprehensive sentencing plan." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997); s*ee also United States v. Gordils*, 117 F.3d 99, 102 (2nd Cir. 1997) (explaining "the district court's power extends not just to the conviction attacked by a defendant but to an aggregate . . . term of imprisonment").