UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:97-CR-154 |
| | ) |
| CHARLES W. BURTON | ) |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's *pro se* "Petition for Consideration for Addendum," as supplemented, which the Court construes as a motion for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Docs. 301, 308-311]. The United States has responded in opposition to the motion. [Doc. 306]. For the reasons stated below, the defendant's request for compassionate release will be granted.

### I. BACKGROUND

In 1999, the Honorable James H. Jarvis sentenced the defendant to a net term of 562 months' imprisonment for controlled substance, pharmacy robbery, and firearms offenses, to be served consecutively to certain state sentences. The undersigned subsequently granted the defendant's 28 U.S.C. § 2255 motion and, in 2018, reduced his net federal sentence to 360 months. The defendant is presently housed at FCI Ashland, a low security facility, with a scheduled release date of January 4, 2034. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 21, 2020).

### II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute,

as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to

2

provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on his behalf. [Doc. 301, p. 4]. More than 30 days have passed since that request was received by the warden of his facility. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

B. **Merits**

   1. **Extraordinary and Compelling Reasons**

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The Court will address the instant motion under Application Note 1(A)(ii)(I), which requires a serious medical condition that substantially diminishes the ability to provide self-care within the prison environment and from which the movant is not expected to recover.

The defendant has submitted hundreds of pages of BOP medical records. [Docs. 310, 311]. Those records document that the defendant is obese. [Doc. 311]. Persons who are

4

obese are presently considered to be at increased risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 24, 2020).[1] The United States acknowledges that if "an inmate has a chronic medical condition that has been recognized by the Centers for Disease Control as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition would satisfy the standard of 'extraordinary and compelling reasons.'" [Doc. 306, p. 11].

Additionally, the defendant is 70 years old. Persons in their seventies are at higher risk of serious illness from COVID-19. *See* Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited August 24, 2020). Eighty percent of COVID-19 deaths reported in the United States have been in adults 65 and older. *See id.*

The defendant's medical records confirm addition health conditions further impacting his ability to provide self-care within the prison environment and, for the most part, from which he is not expected to recover. The defendant suffers from degenerative disc disease, disc herniation, and osteoarthritis at multiple sites. There is a history of hepatitis C. There are repeated reports of vertigo and a history of "painful bone spurs at both heels." In 2020, a "solid mass" was noted on his left foot.

The Court finds the defendant's combination of medical conditions, particularly his age and obesity, to be extraordinary and compelling reasons justifying a sentence reduction.

---

[1] There are presently two active cases of COVID-19 at the defendant's facility. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 24, 2020).

In light of the dangers of the current pandemic, the defendant has demonstrated "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover."

### 2. Danger to Any Other Person or to the Community

Next, the Court must determine whether the defendant has shown that he would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's Presentence Investigation Report ("PSR"). The Court has also reviewed the defendant's current BOP SENTRY Report.

The pharmacy robbery in this case, occurring almost twenty-five years ago, was indeed violent and horrific. [PSR, ¶¶ 18-21]. Additionally, the defendant's criminal history includes robbery, kidnapping, and burglary in 1975, escape in 1976, robbery in 1983, assault in 1995, and multiple controlled substance convictions. [*Id.*, ¶¶ 57-64]. The facts before Judge Jarvis twenty-one years ago certainly called for a harsh sentence.

In the decades since, however, the defendant has plainly transformed himself. His SENTRY Report, dating back to 2008, lists no disciplinary infractions. He entered the BOP in 1998 with a high security classification. In 2013, his classification was reduced to medium and in January of this year it was reduced to low. Importantly, the BOP lists the defendant as having a low risk of recidivism.

The Court has also again considered the letters attached to the defendant's motion, many of which were before the Court at resentencing. Those letters, including one from the defendant's former state warden, describe a man transformed. Those letters are persuasive in their own right but even more so due to their consistency with the BOP

7

records cited in the preceding paragraph. The letters speak for themselves and the Court will simply restate what it said at the 2018 resentencing hearing: "When I consider the crimes this defendant has committed, the change he's made in his life and where he is today, I believe this to be one of the most outstanding post-offense rehabilitation[s] that I've seen." [Doc. 295, p. 30]. Nothing in the defendant's post-resentencing disciplinary record suggests that the Court was incorrect.

The defendant has submitted a proposed release plan to the BOP. At the Court's request, the probation office of this district has investigated that proposed release plan and has found it to be acceptable.

The defendant's conduct while serving his current term of imprisonment, combined with his health conditions and acceptable release plan, persuades the Court that he would not pose a danger to the safety of any other person or the community if released.

### 3. Section 3553(a) Factors

Section 3553(a) provides:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

. . . .

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission];

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having considered these factors, the Court concludes that the time served in this case constitutes a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. Many of the pertinent § 3553(a) factors have already been discussed in the preceding section of this memorandum. The Court is persuaded that the defendant's post-1997 state and federal sentences have adequately deterred him. The defendant's unique post-offense rehabilitation, his age, and his health issues satisfy the Court that any concerns over the avoidance of unwarranted sentence disparity are significantly outweighed by more pertinent 3553(a) factors. Further, a six-year net term of supervised

release remains in place.

Because the Court finds that the defendant has shown extraordinary and compelling reasons for compassionate release, and that he does not pose a danger to the safety of any other person or the community, and that a reduction in sentence would be consistent with the § 3553(a) factors, the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) will be granted.[2]

### III. CONCLUSION

For the reasons stated herein, the defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 301] will be granted. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[2] The Court notes the United States' request for an additional period of supervised release and a period of home confinement. [Doc. 306, p. 16]. For the reasons discussed herein, the Court deems those added restrictions unnecessary.

10